UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Randy Werner,

    Plaintiff,

v.

Michael J. Astrue, Commissioner
of Social Security,

    Defendant.

Case No. 2:10–cv–741

Judge Michael H. Watson
Magistrate Judge King

## OPINION AND ORDER

Plaintiff seeks review of the denial by the Commissioner of Social Security of his applications for disability insurance benefits and supplemental security income. On August 10, 2011, the United States Magistrate Judge recommended that the decision of the Commissioner be affirmed and that this action be dismissed. *Report and Recommendation*, ECF No. 15. This matter is now before the Court on Plaintiff's objection to that *Report and Recommendation*. *Objections,* ECF No. 16. The Court will consider the matter *de novo*. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

The administrative law judge found that Plaintiff's severe impairments consist of the residuals of injuries sustained in a motor vehicle accident with multiple complaints of pain, obesity, alcohol abuse in alleged and questionable early remission, opiate dependence, depressive disorder and borderline intellectual functioning. The administrative law judge also found that Plaintiff has the residual functional capacity to perform a reduced range of medium exertion that requires no more than sitting three-to-four hours in a work day, standing three-to-four hours in a work day, walking

one-to-two hours in a work day and lifting thirty to forty pounds using both hands. Plaintiff would also be limited to low stress jobs that do not require dealings with the public, to jobs that do not require a fast pace or production quotas, to jobs that involve only unskilled, simple tasks and to jobs that permit him to alternate positions. Relying on the testimony of the vocational expert, the administrative law judge found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Accordingly, the administrative law judge concluded that Plaintiff is not disabled within the meaning of the Social Security Act. A.R. 16-29.

Plaintiff argued in his *Statement of Errors*, ECF No. 12, that the administrative law judge failed to properly assess the medical evidence. In the instant *Objections*, Plaintiff now contends that the Magistrate Judge, in failing to independently evaluate the medical evidence, merely replicated that error. *Objections* 1–2, ECF No. 16. The Court disagrees. The *Report and Recommendation* addressed this issue as follows:

> In finding that plaintiff has the residual functional capacity to perform a limited range of medium exertion, the administrative law judge relied primarily on the assessment of the consultative examiner, Dr. Tripathi and, to a lesser extent, on that of Dr. Pangalangan, the state agency reviewing physician. A.R. 25. Plaintiff contends that the administrative law judge erred in failing to adopt the findings of Drs. Chlovechok, Sayegh and Gholl. To be afforded controlling weight, the opinion of a treating physician[1] must be well-supported by medically acceptable clinical and laboratory diagnostic techniques, and must not be inconsistent with other substantial evidence in the record. *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 242 (6th Cir. 2007); 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2). In weighing the opinions of treating physicians, an administrative law judge must consider factors such as the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the opinion's supportability by evidence, and its consistency with the record as a whole. 20 C.F.R. §§ 404.1527(d)(2)–(6), 416.927(d)(2)–(6); *Wilson v.*

---

[1]There is no evidence that Dr. Chlovechok ever treated plaintiff.

*Commissioner of Social Security,* 378 F.3d 541, 544 (6th Cir. 2004). Even where the administrative law judge declines to accord controlling weight to the opinion of a treating physician, the administrative law judge "must still determine how much weight is appropriate . . . ." *Blakley v. Commissioner of Social Security,* 581 F.3d 399, 406 (6th Cir. 2009). Moreover, an administrative law judge must provide "good reasons" for discounting the opinions of a treating physician, *i.e.,* "reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Rogers,* at 242, citing Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5.

The administrative law judge in this case rejected Dr. Chlovechok's March 2005 and March 2006 extremely limited residual functional capacity assessments, A.R. 582–83, 579–80, as unsupported by the evidence of record.

> It is recognized that Dr. Chlovechok, a family doctor, filled out Basic Medical reports for the county medical services (Welfare) in March 2005 and March 2006 wherein it was indicated that the claimant was "unemployable" and could do less than a full range of sedentary work. However, the degree of functional restriction and general finding of an "unemployable" status would seem inconsistent with the documented medical findings and the history of a good recovery from his injuries in September 2004. In terms of supportability and consistency, Dr. Chlovechok's opinions do not score well and are consequently given no controlling weight and little deference.

A.R. 25–26. (citation to record omitted). Plaintiff contends that Dr. Chlovechok's opinions are also supported by Dr. Gholl's findings that plaintiff is capable of sitting only three hours and standing or walking only two hours per day and lifting and carrying only 10 pounds. *See* A.R. 602–04. However, the administrative law judge also considered, but rejected, Dr. Gholl's conclusions.

> In November 2007, Dr. Gholl, an allergist, filled out functional assessment [form] for counsel which indicated that the claimant could lift no more than ten pounds occasionally and could not sit, stand, and walk long enough in combination to complete a full eight-hour work day. However, this allergist appears to have based most of the functional limitations on musculoskeletal problems which are outside his specialty and presumably not the impairments being treated by this physician. As Dr. Gholl was addressing matters outside his

> specialization and as his recommendations were not well supported by the medical findings, his opinion is given no controlling and no deferential weight.
>
> A.R. 26. (citation to record omitted). This Court agrees that Dr. Gholl's conclusion of disability is entitled to little weight.
>
> The administrative law judge found that plaintiff had the residual functional capacity to perform a limited range of medium work as noted above. This assessment finds substantial support in Dr. Tripathi's report following his consultative examination of the plaintiff. For example, Dr. Tripathi opined that plaintiff could sit for about four hours, could stand for about 4 hours, could walk for about 2 hours and could lift approximately 30-40 pounds with his left hand. See, A.R. 519. The fact that the administrative law judge limited plaintiff to lifting up to 40 pounds using both hands is not inconsistent with Dr. Tripathi's assessment. Further support for the administrative law judge's residual functional capacity is found in the records of plaintiff's treating pain specialist, Dr. Sayegh, who imposed no lifting restrictions (despite indicating that lifting would be limited) and who indicated that plaintiff could sit, walk and stand for four hours each, for one hour at a time. See, A.R. 586-87. In short, the Court concludes that the administrative law judge did not err in his evaluations of the medical opinions reflected in the record.

*Report and Recommendation* 9–11, ECF No. 15. It is not this Court's function to try the case *de novo* or to resolve conflicts in the evidence before the Commissioner. Absent a determination that the Commissioner failed to apply the proper legal standards or that the Commissioner's findings of fact are not supported by substantial evidence, the Commissioner's decision must be affirmed. *Walters v. Commissioner of Social Security*, 127 F.3d 525, 528 (6th Cir. 1997). The Court agrees with the Magistrate Judge that the administrative law judge's evaluation of the medical evidence applied the proper legal standards and are supported by substantial evidence. Plaintiff's objection in this regard is without merit.

Plaintiff also argues that the administrative law judge erred in relying on the testimony of the vocational expert, who referred to the Dayton-Cincinnati-Springfield

regional economy some distance away from Plaintiff's residence:

> Travel by car from Plaintiff's home [in Cambridge, Ohio] to the boundary of the 60-mile region of jobs cited by the VE would take a minimum of two hours each way, and as long as three hours each way, meaning Plaintiff would be required to sit for up to six hours a day just in transit to a job which may require an additional three to four hours of sitting, according to the ALJ's residual functional capacity.

*Objections* 3, ECF No. 16.  Again, the Court rejects Plaintiff's contention in this regard.

The Social Security Act establishes the standard for a finding of disability:

> [A]n individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . . "**[W]ork which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.**

42 U.S.C. § 423(d)(2)(A) (emphasis added).  The Commissioner is not required to establish that jobs actually exist in the claimant's local area.  *Harmon v. Apfel*, 168 F.3d 289, 292 (6th Cir. 1999).

The vocational expert in this case testified that he referred to the Dayton-Cincinnati-Springfield region, rather than to the region of Plaintiff's residence in Southeastern Ohio, because the former—unlike the latter—is "representative of other regions in the national economy." A.R. 662.  Under these circumstances, the Court concludes that the administrative law judge did not err in relying on the testimony of the vocational expert to conclude that Plaintiff is not disabled within the meaning of the Social Security Act.

Having carefully reviewed the record, the Court concludes that Plaintiff's *Objections* are without merit and they are therefore **DENIED.**  The *Report and*

*Recommendation* is **ADOPTED and AFFIRMED**. The decision of the Commissioner is **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to 42 U.S.C. § 405(g), the Clerk shall enter **FINAL JUDGMENT**.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**